**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Sandra Alicea as Next Friend of E.L., A minor, | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 7795 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Sara L. Ellis |
| Village of Stickney, Officer Lochridge, | ) | |
| Officer Pedro Garcia, Officer Kretch, | ) | |
| Officer Pedro Garcia, Officer Kretch,, | ) | |
| Danielle Butts, All Our Children Advocacy Center, | ) | |
| Cook County Sheriff, Jude Mercado, | ) | |
| Lorraine Chatman, Bernard McNutt, | ) | |
| Anita Johnson, Mirella Susnjar, | ) | |
| Cherri Kryszowski, Helen Kanel, | ) | |
| Deborah Awoyemi, Manuel Manalstas, | ) | |
| Wanda Estes, and Cook County, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**NOW COMES**, the Defendants, Cook County Sheriff, Lorraine Chatman, Anita Johnson, Cherri Kryszowski, Helen Kanel, Deborah Awoyemi, Manuel Manalstas, Wanda Estes, and Cook County ("Defendants"), by and through their attorney, ANITA ALVAREZ, State's Attorney of Cook County, through ALLYSON L. WEST, Assistant State's Attorney, and submits Defendants' Answer to Plaintiff's Complaint states as follows:

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's right under the Constitution of the United States. Plaintiff's claims arise from the flawed investigation, false arrest, malicious prosecution and public humiliation of E.L. for the alleged criminal sexual assault of a five-year-old.

**ANSWER:** Defendants admit Plaintiff brings this action pursuant to 42 U.S.C. § 1983, but denies taking any action in violation of Plaintiff's rights.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code U.S.C. § 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

**ANSWER**:     Defendants admit the allegations contained in Paragraph 2.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).  The events alleged within all occurred in the Northern District of Illinois.

**ANSWER**:     Defendants admit the allegations contained in Paragraph 3.

4.  Sandra Alicea is a United States citizen who resides in the Northern District of Illinois.

**ANSWER**:     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4, therefore denies same and demands strict proof thereof.

5. Sandra Alicea is the mother of E.L.

**ANSWER**:     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5, therefore denies same and demands strict proof thereof.

6.  E.L. is now 17 year old.

**ANSWER**:     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6, therefore denies same and demands strict proof thereof.

7.  Defendant Village of Stickney Police Officer Collin Lochridge, Officer Pedro Garcia, Officer Kretch, and Officer Kevin McGuire ("Defendant Officers") are present or former employees of the Village of Stickney.  Defendant Officers engaged in the conduct complained of while on duty, in the course and scope of their employment and under the color of law. Defendant Officers are sued in their individual capacity.

**ANSWER**: Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7, therefore denies same and demands strict proof thereof.

8.  Defendant Village of Stickey is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.  At all times relevant hereto, Defendant Officers were acting under the color of law and within the scope of their employment with Defendant Village of Stickney.

**ANSWER**:    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8, therefore denies same and demands strict proof thereof.

9.  Defendant Maria Ramirez and Danielle Butts are present or former employees of the All Our Children's Advocacy Center.  Defendants Ramirez and Butts engaged in the conduct complained of while in the course and scope of their employment and under the color of law. Defendant Ramirez is sued in her individual capacity.  Defendant Butts is sued in her individual and official capacity.

**ANSWER**:    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9, therefore denies same and demands strict proof thereof.

10.  Defendant All Our Children's Advocacy Center is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendants Ramirez and Butts.  All Our Children's Advocacy Center is a delegate agency operating on behalf of the State of Illinois.

**ANSWER**:    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10, therefore denies same and demands strict proof thereof.

11.  Defendant Cook County employees Jude Mercado. Lorraine Chatman, Bernard McNutt, Anita Johnson, Mirella Susnjar, Cherri Kryzowski, Helen Kanel, Deborah Awoyemi,

Manuel Manalstas and Wanda Estes are present or former employees of Cook County.

Defendants Mercado, Chatman, McNutt, Johnson, Susnjar, Krzyzowski, Kanel, Awoyemi,

Manalstas and Estes engaged in the conduct complained of while on duty and in the course and

scope of their employment and under color of law. Defendants are sued in their individual

capacities.

**ANSWER**:     Defendants admit that they are present or former employees of Cook

County Health and Hospital Services, however the Defendants deny the remaining allegations

contained in Paragraph 11.

12. Defendant Cook County is a municipal corporation duly incorporated under the laws

of the State of Illinois. It is responsible for the policies, procedures and practices implemented

through and by its various agents, agencies, departments and employees—and for injury

occasioned thereby.

**ANSWER**:     Defendants admit that Cook County is a municipal corporations duly

incorporated under the law of the State of Illinois, however the Defendants deny the remaining

allegations contained in Paragraph 12.

13. Defendant Cook County Sheriff is sued in his official capacity and is responsible for

the policies, procedures, and practices implemented through and by his various agents, agencies,

departments and employees.

**ANSWER**:     Defendants deny the allegations contained in Paragraph 13.

## FACTUAL BACKGROUND

14. Prior to October, 2013, E.L. had been a guest at the home of A.L. and her parents on

numerous occasions, frequently visiting with A.L.'s teenage brother.

4

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14, therefore denies same and demands strict proof thereof.

15. On October 30, 2013, E.L., a fifteen-year –old boy, was sleeping in one of the bedrooms of the home when A.L. entered the bedroom.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15, therefore denies same and demands strict proof thereof.

16. Subsequently, A.L.'s father entered the bedroom, found A.L. and refused to let E.L. leave. One of A.L.'s parents called for the police.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16, therefore denies same and demands strict proof thereof.

17. On October 30, 2013, Defendants Garcia and Kretch interviewed the parents of A.L. after they were dispatched to their home in Stickney, IL. On that date, A.L. was five years old, A.L. is not related to E.L.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17, therefore denies same and demands strict proof thereof.

18. Defendant Lochridge was also called to the scene and interviewed A.L.'s parents. A.L.'s parents gave conflicting accounts of what A.L. told each of them concerning what occurred between A.L. and E.L. on October 30, 2103.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18, therefore denies same and demands strict proof thereof.

19. A.L.'s mother told Defendant Lochridge that she approached the room A.L. was in an

knocked on the door, that A.L. yelled out that she was naked and not to open the door, that she

heard E.L.'s voice inside the room, and that she then asked her husband, A.L.'s father, to kick in

the bedroom door.

**ANSWER:**   Defendants lack sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 19, therefore denies same and demands strict proof thereof.

20. According to A.L.'s mother's statement to Defendant Lochridge, A.L. stated that E.L.

told her to take her clothes off, E.L. locked the door, and that their bellys touched and that his

belly touched her legs.

**ANSWER:**   Defendants lack sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 20, therefore denies same and demands strict proof thereof.

21. For his part, A.L.'s father told Defendant Lochridge that, upon entering the bedroom,

he observed A.L. standing on the bed putting her underwear on A.L's father further stated that he

saw E.L., who was fully clothed, attempting to pull the covers over his head.

**ANSWER:**   Defendants lack sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 21, therefore denies same and demands strict proof thereof.

22. On October 30, 2013, E.L. had not committed any crime or any inappropriate action

against A.L.

**ANSWER:**   Defendants lack sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 22, therefore denies same and demands strict proof thereof.

**October 30, 2013 Arrest of E.L.**

23. On October 30, 2013, at the home of A.L. and her parents, Defendants Garcia, Kretch

and Lochridge arrested E.L. and took him to the Stickney police station.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23, therefore denies same and demands strict proof thereof.

24. Defendants did not have probable cause to arrest E.L.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24, therefore denies same and demands strict proof thereof.

25. At the Stickney police station, E.L. and his mother were interviewed by Defendants Lochridge, McGuire and Garcia.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25, therefore denies same and demands strict proof thereof.

26. E.L. was released from custody that evening without being charged with a crime.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26, therefore denies same and demands strict proof thereof.

**October 31, 2013 Interview between Defendant Ramirez and A.L.**

27. On October 31, 2103, Defendant Ramirez interviewed A.L. at Children's Advocacy Center of Cook County in Justice, Illinois.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27, therefore denies same and demands strict proof thereof.

28. At the time, Defendant Ramirez was a forensic interviewer employed by the Children's Advocacy Center of Cook County.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 28, therefore denies same and demands strict proof thereof.

29. Defendant McGuire and Assistant State's Attorney Molly Donnelly were present for the interview, but watching it from a different room.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29, therefore denies same and demands strict proof thereof.

30. Prior to the interview, Defendant Ramirez spoke to Defendant McGuire regarding the allegations.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30, therefore denies same and demands strict proof thereof.

31. Defendant Ramirez did not have the experience, credentials and licenses necessary to conduct an interview of an alleged minor victim of sexual assault.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31, therefore denies same and demands strict proof thereof.

32. Defendant Ramirez had been reprimanded by Children's Advocacy Center of Cook County on two occasions prior to this interview.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32, therefore denies same and demands strict proof thereof.

33. During the 18 – minute interview, Defendant Ramirez left the room twice for approximately three minutes and once for approximately one minute.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 33, therefore denies same and demands strict proof thereof.

34. On all three occasions, Defendant Ramirez consulted with Defendant McGuire.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 34, therefore denies same and demands strict proof thereof.

35. During this interview, which was conducted by Defendant Ramirez, A.L. did not accuse E.L. of any misconduct or criminal activity.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 35, therefore denies same and demands strict proof thereof.

36. Throughout the interview, A.L. stated that nothing had happened to her and that no one had touched her inappropriately or in a way that she did not like.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 36, therefore denies same and demands strict proof thereof.

37. The interview was videotaped.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 37, therefore denies same and demands strict proof thereof.

**November 7, 2013 Interview of A.L.**

38. On November 7, 2013, Defendant Ramirez interviewed A.L. again at Children's Advocacy Center of Cook County.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38, therefore denies same and demands strict proof thereof.

39. Prior to the interview, Defendant Ramirez spoke to Defendant McGuire and Defendant McGuire told her the allegations and the questions to ask.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 39, therefore denies same and demands strict proof thereof.

40. Defendant McGuire was present outside of the interview room and listened to the entire interview between Defendant Ramirez and A.L.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 41, therefore denies same and demands strict proof thereof.

41. Assistant State's Attorney Todd Kleist was also present outside the interview room.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 41, therefore denies same and demands strict proof thereof.

42. The second interview of A.L. was also videotaped.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 42, therefore denies same and demands strict proof thereof.

43. During her second interview of A.L., Defendant Ramirez inappropriately asked leading, suggestive, and inculpatory questions of A.L.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 43, therefore denies same and demands strict proof thereof.

44. Additionally, Defendant Ramirez left the room on at least three occasions to consult with Defendant McGuire regarding the interview.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 44, therefore denies same and demands strict proof thereof.

45. Ultimately, at the end of the interview, due to Defendant Ramirez's suggestive, leading and manipulative questioning, A.L. implied that E.L. in appropriately touched her.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 45, therefore denies same and demands strict proof thereof.

46. In order to drum up false evidence against E.L., both prior to this second interview and when Defendant Ramirez took breaks from the interview, Defendant Ramirez and Defendant McGuire conspired regarding the types of information and accusations to feed to A.L.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46, therefore denies same and demands strict proof thereof.

47. During the interview of A.L., which lasted approximately 40 minutes, A.L. was

10

inconsistent in her statements, including stating that nothing unusual had happened, that her brother and/or father had inappropriately touched her and/or sexually abused her, and that E.L. had inappropriately touched her, at various points during the interview and in response to leading and suggestive questions.

    **ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 47, therefore denies same and demands strict proof thereof.

    48. Furthermore, throughout the second interview, A.L. was not credible and made numerous contradictory and nonsensical statements.

    **ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 48, therefore denies same and demands strict proof thereof.

    49. Defendants Ramirez manipulated and tricked A.L. into claiming something illegal occurred and that E.L. did it.

    **ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 49, therefore denies same and demands strict proof thereof.

    50. Defendant McGuire knew that A.L.'s statements accusing E.L. were false and the product of trickery and manipulation.

    **ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 50, therefore denies same and demands strict proof thereof.

    51. Between October 31, 2013and November 7, 2013, A.L.'s mother questioned A.L. at length at least twice after the alleged incident.

    **ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 51, therefore denies same and demands strict proof thereof.

    52. Additionally, between October 31, 2013 and November 7, 2013, Defendants,

including Defendant McGuire, spoke to A.L. regarding what occurred on October 30, 2103.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 52, therefore denies same and demands strict proof thereof.

53. Defendants, including Defendant McGuire, tricked and manipulated A.L. into making

false accusations against Plaintiff E.L.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 53, therefore denies same and demands strict proof thereof.

54. With respect to both the October 31, 2013 interview and November 7, 2013

interview, Defendant Ramirez did not take notes of interview, did not prepare an interview

summary, did not go through A.L.'s background, did not do an investigative intake report, did

not go through A.L.'s education, did not find out if A.L. was ever a victim previously, did not go

through DCFS information, did not go through police information, and did not go through

offender information.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 54, therefore denies same and demands strict proof thereof.

55. Additionally, with respect to November 7, 2013 interview, Defendant McGuire told

Defendant Ramirez which questions to ask and what answers he wanted.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 55, therefore denies same and demands strict proof thereof.

**November 8, 2013 – Second Arrest of E.L.**

56. Based on A.L.'s statement, which Defendant McGuire and Defendant Ramirez had

manipulated and which was incredible, McGuire contacted the Cook County State's Attorney's

Office Felony Review =unit on November 8, 2013 seeking felony charges.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 56, therefore denies same and demands strict proof thereof.

57. On November 8, 2013, E.L. was arrested by Defendant McGuire, transported to the Stickney police station and charged with aggravated criminal sexual assault.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 57, therefore denies same and demands strict proof thereof.

58. E.L. had not inappropriately touched A.L. at any time and had not committed any other crime.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 58, therefore denies same and demands strict proof thereof.

**November 8, 2013 – November 14, 2013 – E.L.'s Incarceration in Cook County Jail**

59. On the evening of November 8, 2013, E.L., only 15 years old, was transported to Cook County Jail to await a bond hearing.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 59, therefore denies same and demands strict proof thereof.

60. Bond was set at $75,000 on Saturday, November 9, 2013.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 60, therefore denies same and demands strict proof thereof.

61. E.L. was received at Cook County Jail on November 9, 2013.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 61.

62. E.L. was placed in an one-person cell at Cook County Jail in the medical division just before midnight on November 9, 2013.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 62.

63. Cook County personnel Jude Mercado, Lorraine Chatman and Bernard McNutt did the initial admission intake process with E.L. Mercado, Chatman and McNutt knew that E.L. was 15 years old.

**ANSWER:** Defendants admit that an initial admission intake was performed on E.L. as reflected in his medical records. Defendants deny anything deemed inconsistent with E.L.'s medical records. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 63, therefore denies same and demands strict proof thereof.

64. On November 9, 2013, Anita Johnson met with E.L., examined him, and learned that he was 15 years old.

**ANSWER:** Defendants admit the creation of a document by Defendant Johnson indicated that E.L. was 15 years old, however, these Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 64, therefore denies same and demands strict proof thereof.

65. On November 10, 2013, Mirella Susnjar met with E.L., examined him and took his medical history. Susnjar attempted to call Alicea but did not receive a response.

**ANSWER:** Defendants admit that E.L. was examined by Defendant Susnjar as reflected in the medical records. Defendants deny anything deems inconsistent with E.L's medical records.

66. Susnjar knew that E.L. was only 15 years old.

**ANSWER:** Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 66, therefore denies same and demands strict proof thereof.

67. Between the evening of November 9, 2013 and November 13, 2013, E.L. was

monitored or seen by numerous Cook County employees, including but not limited to, Lorraine Chatman, Cherri Krzyzowski, Helen Kanel, Deborah Awoyemi, Manuel Manaistas, Anita Johnson, Wanda Estes, and Mirella Susnjar. Not a single employee notified anyone that E.L. was only 15 years old.

   **ANSWER:**    Defendants Chatman, Krzyzowski, Kanel, Awoyemi, Manaistas, Johnson, and Estes, admit they monitored E.L. as reflected in the medical records.  Defendant deny anything deemed inconsistent with the medical records.  Defendants deny the remaining allegations contained in Paragraph 67.

   68. From his first intake with a Cook County employee, E.L. stated that he was only 15 years old.

   **ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 68, therefore denies same and demands strict proof thereof.

   69. E.L.'s medical records from Cook County Jail and Cermak Hospital reflect his date of birth and that he was a juvenile.

   **ANSWER:**    Defendants admit that the records from Cook County Jail and Cermak Hospital reflected a date of birth.  Defendants deny the remaining allegations contained in Paragraph 69.

   70. Alicea called the Juvenile Detention Center on November 9th and 10th but was not given any information about where her son was held.

   **ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 70, therefore denies same and demands strict proof thereof.

   71. Alicea also attempted to call Cook County Jail regarding her son, but was not successful in getting him transferred.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 71, therefore denies same and demands strict proof thereof.

72. At some point on November 13, 2013, E.L. was taken to court and then transferred to the Cook County Juvenile Detention Center.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 72.

73. On November 14, 2013, E.L. was released to Alicea's custody on bond.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 73, therefore denies same and demands strict proof thereof.

74. As a result of the above-named Cook County employees' failure to protect E.L., E.L. suffered emotional distress.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 74.

**Prosecution of E.L.**

75. On December 6, 2013, Defendant McGuire falsely testified before the grand jury.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 75, therefore denies same and demands strict proof thereof.

76. On that same date, the grand jury indicated E.L. with the charge of aggravated criminal sexual assault.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 76, therefore denies same and demands strict proof thereof.

77. As a result of the prosecution based on false testimony and a manipulated "victim:" statement, E.L. had to attend court hearings, hire an attorney and suffered severe emotional distress.

**ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 77, therefore denies same and demands strict proof thereof.

78. On August 12, 2014, Cook County Judge Colleen Ann Hyland denied the State's Motion to Admit the statement of Defendant Ramirez pursuant to 725 ILCS 5/115-10(b)(1).

**ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 78, therefore denies same and demands strict proof thereof.

**Dismissal of Charges Against E.L. And E.L.'s Damages**

79. On October 21, 2014, the charge of aggravated criminal sexual assault was *nolle prosequi*.

**ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 79, therefore denies same and demands strict proof thereof.

80. On that same date, Assistant State's Attorney Annmarie Sullivan filed a Notice of Disclosure which stated, "On October 20, 2014, Assistant State's Attorney Annemarie Sullivan and victim witness specialist Isabel Martinez met with [A.L.] who stated in summary as follows: on the day of this incident [A.L.] remembers her father breaking down the door and the police coming. She knows [E.L.] because he is friends with her brother. They were in her brother's room playing video games. In that room was her, [E.L.] and her brother. That is all she remembers about what happened in that room before the police and her father came."

**ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 80, therefore denies same and demands strict proof thereof.

81. As a result of Defendants' misconduct, E.L. suffered loss of liberty, emotional distress, pain and suffering, incurred attorneys' fees and other damages.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 81.

**COUNT I**
**42 U.S.C. §1983 – False Arrest #1**
**Against Defendants Lochridge, Garcia, Ketch and McGuire**

82. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:**    Defendants reassert their answers to all of the allegations in the preceding paragraphs. Defendants do not answer Count I as Count I is a cause of action against Co-Defendant, Lochridge, Garcia, Ketch and McGuire only.  To the extent that any of the paragraphs in Count I are deemed to be alleged against these Defendants, they reserved the right to answer these paragraphs.

83. On October 30, 2013, Defendant Officers knowingly arrested Plaintiff without probable cause. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

84. Defendant Officer also failed to intervene in the unlawful conduct of each other in arresting Plaintiff.

85. As a result of the false arrest, Plaintiff was injured, including physical injury, loss of liberty, emotional damages, trauma, humiliation, mental distress, anguish, and legal fees.

86. The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

**COUNT II**
**42 U.S.C. §1983 – False Arrest # 2**
**Against Defendants Lochridge, Garcia, Kretch and McGuire**

87. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:**    Defendants reassert their answers to all of the allegations in the preceding paragraphs. Defendants do not answer Count II as Count II is a cause of action against Co-

Defendant, Lochridge, Garcia, Ketch and McGuire only. To the extent that any of the paragraphs in Count II are deemed to be alleged against these Defendants, they reserved the right to answer these paragraphs.

88. On November 8, 2013, Defendant Officers knowingly arrested Plaintiff without probable cause. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

89. Defendant Officers also failed to intervene in the unlawful conduct of each other in arresting Plaintiff.

90. As a result of the false arrest, Plaintiff was injured, including physical injury, loss of liberty, emotional damages, trauma, humiliation, mental distress, anguish, and legal fees.

91. The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

### COUNT III
**42 U.S.C. § 1983 – Due Process/State-Created Danger**
**Against Defendants Lochridge, Garcia, Kretch, McGuire and Ramirez**

92. Plaintiff re-alleges and incorporates each of paragraphs of this Complaint as if reinstated herein.

**ANSWER:** Defendants reassert their answers to all of the allegations in the preceding paragraphs. Defendants do not answer Count III as Count III is a cause of action against Co-Defendant, Lochridge, Garcia, Ketch, McGuire and Ramirez only. To the extent that any of the paragraphs in Count III are deemed to be alleged against these Defendants, they reserved the right to answer these paragraphs.

93. Defendants Lochridge, Garcia, Kretch, McGuire and Ramirez were acting "under the

color of law" at all relevant times hereto.

94. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

95. Defendants Lochridge, Garcia, Kretch, McGuire and Ramirez's conduct violated Plaintiff's Substantive Due Process right to be free from a state-created danger.

96. Defendants further violated Plaintiff's liberty interest without due process by charging him with a Class X felony against a five year old, by manipulating evidence and witness testimony, by falsifying witness statements, and by engaging in a conspiracy to target Plaintiff, despite the absence of credible evidence to support he charges and on the basis of the substantial instances of misconduct described throughout the instant Complaint.

97. As a direct and proximate result of Defendants Lochridge, Garcia, Kretch, McGuire and Ramirez's actions, E.L. sustained emotional injuries, lost time from school, and legal fees.

**COUNT IV**
**42 U.S.C. § 1983 – Equal Protection – Class of One**
**Against Defendants Lochridge, Garcia, McGuire, Kretch and Ramirez**

98. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:** Defendants reassert their answers to all of the allegations in the preceding paragraphs. Defendants do not answer Count IV as Count IV is a cause of action against Co-Defendant, Lochridge, Garcia, Ketch, McGuire and Ramirez only. To the extent that any of the paragraphs in Count IV are deemed to be alleged against these Defendants, they reserved the right to answer these paragraphs.

99. Defendants Lochridge, Garcia, Kretch, McGuire and Ramirez targeted E.L. by

conspiring to manipulate and trick A.L. into accusing E.L. of misconduct and then relying on

said falsified and manipulated accusations to initiate and pursue false criminal charges against

E.L.

100. Further, Defendants Lochridge, Garcia, Kretch, McGuire and Ramirez targeted

E.L. and then falsely arrested him, intimidated him, knew that prosecutors would rely

on their false reports, knew that E.L. faced felony criminal charges and knew that

charges against E.L. were baseless.

101. Defendant Officers intentionally treated Plaintiff differently than others similarly

situated.

102. There was no rational basis for the difference in treatment.

103. Defendant Officers were motivated by illegitimate animus against the Plaintiff.


**COUNT V**
**42 U.S.C. § 1983 – Due Process/Special Relationship**
**Against Jude Mercado, Lorraine Chatman, Bernard McNutt, Anita Johnson, Mirella**
**Susnjar, Cherri Krzyowski, Helen Kanel, Deborah**

104. Plaintiff re-alleges and incorporates all of the paragraphs of this Complaint as if

reinstated herein.

**ANSWER:** Defendants reassert their answers to all of the allegations in the preceding

paragraphs.

105. Under 42. U.S.C. § 1983, a person who acting under color of state law, deprives

another person of his federal constitutional rights is liable to the injured party.

**ANSWER:** Defendants admit the existence of the statute but deny that they violated

E.L.'s rights.

106. When the state has a special relationship with a citizen, such as when it takes the

person into custody, the Constitution imposes upon the state a corresponding duty to assume some responsibility for that citizen's safety and general well-being.

**ANSWER:**    Defendants admit only those duties imposed by law but denies the remaining allegations in Paragraph 106 of Plaintiff's Complaint inasmuch as they call for a legal conclusion.

107.    Defendant Jude Mercado, Lorraine Chatman, Bernard McNutt, Anita Johnson, Mirella Susnjar, Cherri Krzyowski, Helen Kanel, Deborah Awoyemi, Manuel Manalstas and Wanda Estes violated E.L.'s Fourteenth Amendment Substantive Due process Rights when they acted with a deliberate indifference to a substantial risk that E.L. would be harmed.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 107.

108.    Defendant Jude Mercado, Lorraine Chatman, Bernard McNutt, Anita Johnson, Mirella Susnjar, Cherri Krzyowski, Helen Kanel, Deborah Awoyemi, Manuel Manalstas and Wanda Estes knew that there was a foreseeable risk that E.L. would be harmed if not adequately supervised and protected.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 108.

109.    Defendant Jude Mercado, Lorraine Chatman, Bernard McNutt, Anita Johnson, Mirella Susnjar, Cherri Krzyowski, Helen Kanel, Deborah Awoyemi, Manuel Manalstas and Wanda Estes knew that E.L. was 15 years old, was in custody and had no other avenues of protection.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 109.

110.    Defendant Jude Mercado, Lorraine Chatman, Bernard McNutt, Anita Johnson,

Mirella Susnjar, Cherri Krzyowski, Helen Kanel, Deborah Awoyemi, Manuel Manalstas and

Wanda Estes did not take any steps to supervise or protect E.L. or transfer him to a juvenile

facility once he was placed alone in a cell in the medical division.

    **ANSWER:**    Defendants deny the allegations contained in Paragraph 110.

    111.    As a result of Defendant Jude Mercado, Lorraine Chatman, Bernard McNutt,

        Anita Johnson, Mirella Susnjar, Cherri Krzyowski, Helen Kanel, Deborah Awoyemi,

        Manuel Manalstas and Wanda Estes's conduct, E.L. suffered emotional distress.

    **ANSWER:**    Defendants deny the allegations contained in Paragraph 111.

**COUNT VI**
**42 U.S.C. § 1983 – Due Process/State-Created Danger**
**Against Defendants Jude Mercado, Lorraine Chatman, Bernard McNutt, Anita Johnson,**
**Mirella Susnjar, Cherri Krzyowski, Helen Kanel, Deborah Awoyemi, Manuel Manalstas**
**and Wanda Estes**

    112.    Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint as if

reinstated herein.

    **ANSWER:**    Defendants reassert their answers to all of the allegations in the preceding

paragraphs.

    113.    Plaintiff had a substantive liberty interest in being protected from the emotional

injuries he suffered while wrongfully confined in the Cook County Jail as a 15 year old.

    **ANSWER:**    Defendants deny the allegations contained in Paragraph 113.

    114.    The 14th Amendment to the Constitution prohibits any state from depriving any

person of life, liberty or property without due process of law.

    **ANSWER:**    The defendants admit that the 14th Amendment to the Constitution

prohibits any state from depriving any person of life, liberty or property without due process of

law, but deny taking part in violating Plaintiff's rights.

    115.    In willfully and wantonly effectuating the improper transport and detainment of

23

Plaintiff, Defendants Jude Mercado, Lorraine Chatman, Bernard McNutt, Anita Johnson, Mirella Susnjar, Cherri Krzyowski, Helen Kanel, Deborah Awoyemi, Manuel Manalstas and Wanda Estes violated Plaintiff's liberty protected by the Due Process Clause.

**ANSWER:** Defendants deny the allegations contained in Paragraph 115.

116. Further, the nature of Defendants' willful and wanton conduct in improperly exposing a juvenile detainee to the dangers of Cook County Department of Corrections is so abhorrent that it shocks the conscience.

**ANSWER:** Defendants deny the allegations contained in Paragraph 116.

117. Generally, state actors do not have a due process obligation to protect citizens from private violence. An exception to that general rule exists when the state has a 'special relationship' with the citizen, such as when it takes the person into custody or otherwise imposes limitations on the person's freedom to act on his own behalf.'"" *TE v. Grindle*, 599 F3d 583, 590 (7th Cir. 2010) quoting *DeShaney v. Winebago Cty. Dept. of Social Serrvs*, 489 U.S. 189, 195-97, (1989).

**ANSWER:** Defendants admit only those duties imposed by law but denies the remaining allegations in Paragraph 117 of Plaintiff's Complaint inasmuch as they call for a legal conclusion.

118. As a direct and proximate result of the above, Plaintiff was injured psychologically, and suffered mental distress.

**ANSWER:** Defendants deny the allegations contained in Paragraph 118.

**COUNT VII**
**42 I/S/C/ § 1983 – Jail Conditions of Confinement 14th Amendment**
**Against Jude Mercado, Lorraine Chatman, Bernard McNutt, Anita Johnson, Mirella Susnjar, Cherri Krzyowski, Helen Kanel, Deborah Awoyemi, Manuel Manalstas and Wanda Estes**

119. Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint as if

reinstated herein.

**ANSWER:**    Defendants reassert their answers to all of the allegations in the preceding paragraphs.

120.    Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

**ANSWER:**    Defendants admit the existence of the statute but deny that they violated Plaintiff's rights.

121.    E.L. was a pretrial detainee under conditions that posed a substantial risk of serious harm to his health or safety.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 121.

122.    Defendants Jude Mercado, Lorraine Chatman, Bernard McNutt , Anita Johnson, Mirella Susnjar, Cherri Krzyowski, Helen Kanel, Deborah Awoyemi, Manuel Manalstas and Wanda Estes were deliberately indifferent to E.L.'s health and safety.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 122.

123.    As a result of Defendant Jude Mercado, Lorraine Chatman, Bernard McNutt, Anita Johnson, Mirella Susnjar, Cherri Krzyowski, Helen Kanel, Deborah Awoyemi, Manuel Manalstas and Wanda Este's conduct E.L. suffered emotional distress.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 123.

## COUNT VIII
### 42 U.S.C. § 1983 – Failure to Intervene
### Against Defendants Lochridge, Garcia, Kretch, McGuire and Ramirez

124.    Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint as if reinstated herein.

**ANSWER:**    Defendants reassert their answers to all of the allegations in the preceding paragraphs.  Defendants do not answer Count VIII as Count VIII is a cause of action against Co-Defendant, Lochridge, Garcia, Ketch, McGuire and Ramirez only.  To the extent that any of the paragraphs in Count VIII are deemed to be alleged against these Defendants, they reserved the right to answer these paragraphs.

125.    Defendants Lochridge, Garcia, Kretch, McGuire and Ramirez had a reasonable opportunity to prevent the false arrest of E.L,. but failed to do so.

126.    As a result of Defendants Lochridge, Garcia, Kretch, McGuire and Ramirez's failure to intervene, E.L. was injured.

127.    This misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to E.L.'s rights.

**COUNT IX**
*Monell* **(Custom and Practice) claim**
**Against Defendant All Our Children's Advocacy Center**

128.    The Constitutional violations detailed above were possible for Defendant Maria Ramirez to perpetrate because of the de facto polices, practices, and/or customs of the Defendant. All Our Children's Advocacy Center, whereby had a custom and practice of encouraging Defendant Maria Ramirez to manipulate victim statements, improperly suggest statements, create false evidence and testimony against innocent people, to encourage improper police involvement in victim statements; and to fail to properly train, hire and supervise forensic interviewers including but not limited to Defendant Ramirez.

**ANSWER:** Defendants do not answer Count IX as Count IX is a cause of action against Co-Defendant, All Our Children's Advocacy Center only.  To the extent that any of the

paragraphs in Count IX are deemed to be alleged against these Defendants, they reserved the right to answer these paragraphs.

129.    At all times material to this complaint, Defendant All Our Children's Advocacy Center, had interrelated *de facto* policies, practices, and customs which included:

  a.  the failure to properly train Defendant Maria Ramirez in interviewing the minor alleged victims of sexual violence, separating police detectives and Assistant State's Attorneys from interviewing witnesses and alleged victims of sexual violence, conducting a proper, non-suggestive interview, and securing the proper credentials needed to perform as a forensic investigator.

  b.  the failure to properly supervise, discipline, monitor, counsel, and otherwise control employees and forensic interviewers in proper, non-suggestive interview techniques with minor victims of sexual violence, communication with law enforcement, and objective interviewing skills.

  c.  a custom of encouraging employees and Defendant Ramirez to cover up misconduct, conspiracies with law enforcement, and improper and suggestive interviewing techniques, in order to protect the Center and Defendant Officers from civil liability

130.    Said interrelated policies, practices, and customs, as set forth above both individually and together, were a direct and proximate cause of the unconstitutional acts committed by the Defendant Ramirez and the injuries suffered by the Plaintiff.

131.    Additionally, said policies, practices, and customs amount to deliberate indifference to the rights of persons with whom All Our Children's Advocacy Center comes into contact.

**COUNT X**
*Monell* **(Final Policymaker) Claim**
**Against Defendant Danielle Butts**

132.    The Constitutional violations detailed above were possible for Defendant Ramirez to perpetrate because of the authority of final policy maker, Defendant Danielle Butts, who encouraged and/or ratified Defendant Ramirez to conspire with law enforcement officers,

improperly and suggestively interview minor alleged victims of sexual violence and create false accusations against innocent people.

**ANSWER:** Defendants do not answer Count X as Count X is a cause of action against Co-Defendant, Danielle Butts only. To the extent that any of the paragraphs in Count X are deemed to be alleged against these Defendants, they reserved the right to answer these paragraphs.

133. At all times material to this compliant, Defendant Butts was the person with final policymaking authority for the All Our Children's Advocacy Center.

134. Defendant Butts had final policymaking authority over all personnel, policies, and direction of the members of the All Our Children's Advocacy Center.

135. The decision and policies of Defendant Butts, as final policymaker, were a direct and proximate cause of the unconstitutional acts committed by the Defendant Ramirez and the injuries suffered by the Plaintiff.

136. Additionally, decisions and policies of Defendant Butts, as final policymaker of All Our Children's Advocacy Center, including fostering an environment where Defendant Ramirez and Defendant Officers conspired to create a false and manipulated victim statement, Defendant Ramirez failed to properly interview and investigate a five year old alleged sexual violence victim, Ramirez and Defendant Officers attempted to cover up their misconduct in order to prosecute Plaintiff for a Class X felony and Defendant Ramirez was allowed to conduct such interviews despite not having acting in conformity with national standards and failing to achieve the proper credentials.

137. The Constitutional violations that Plaintiff suffered are due to the policies created by Defendant Butts.

## COUNT XI
### *Monell* (Custom and Practice) Claim
### Against Defendant Cook County Sheriff

138.    Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint as if reinstated herein.

**ANSWER:**    Defendants reassert their answers to all of the allegations in the preceding paragraphs.

139.    "But, it may happen that in the light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

**ANSWER:**    Defendants deny the allegations contained in Paragraph 130.

140.    The constitutional violations detailed above were caused in part by the customs, policies, and practices of the defendants, as promulgated, enforced, and disseminated by Cook County and the Cook County Sheriff Thomas Dart and their various departments, agencies and subsidiaries, whereby those charged with ensuring compliance with the Constitution of the United States, in this case and many other cases, instead deliberately, willfully, and wantonly encouraged the improper transport and detainment of juveniles awaiting trial in Cook County in violation of the United States Constitution.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 140.

141.    The customs, policies, and practices that caused the constitutional violations herein alleged include:

      a.    improper oversight for the safe transport and detainment of juveniles, post-arrest, by Cook County personnel;

      b.  the denial of substantive due process against juvenile detainees, post-arrest, by Cook County personnel;

      c.  failure to protect against the physical, sexual, and mental abuse of juveniles by adult detainees;

      d.  a code of silence whereby employees refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional conduct alleged in this Complaint;

      e.  and the failure to deter employees from engaging in unconstitutional misconduct through deficient, defective, and ineffectual investigatory and disciplinary procedures.

    **ANSWER:**    Defendants deny the allegations contained in Paragraph 141 including subparagraphs a. through e.

    142.    The policies, practices, and customs herein complained of are so prevalent and widespread with the Defendant Cook County Sheriff as to put Cook County policy makers on widespread with the Defendant Cook County Sheriff as to put Cook County policy makers on actual and implied notice that such policies existed in full force and effect.

    **ANSWER:**    Defendants deny the allegations contained in Paragraph 142.

    143.    Cook County policy makers acted willfully, wantonly, and deliberately indifferent towards the constitutional rights of Plaintiff by accepting, monitoring, maintaining, protecting, and encouraging the unconstitutional policies, practices, and customs listed above.

    **ANSWER:**    Defendants deny the allegations contained in Paragraph 143.

    144.    By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiff, Cook County policy makers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

    **ANSWER:**    Defendants deny the allegations contained in Paragraph 144.

    145.    As a proximate result of the above-detained actions of the Defendants and Cook County policy makers, Plaintiff was injured, including injuries resultant from the above detained constitutional violations, including pain and suffering emotional injuries.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 145.

## COUNT XII
### 42 U.S.C. § 1983 – Conspiracy
### Against Defendants Lochridge, Garcia, Kretch, McGuire and Ramirez

146.    Plaintiff re-alleges and incorporates each of the paragraphs of the Complaint as if reinstated herein.

**ANSWER:**    Defendants reassert their answers to all of the allegations in the preceding paragraphs.  Defendants do not answer Count XII as Count XII is a cause of action against Co-Defendant, Lochridge, Garcia, Ketch, McGuire and Ramirez only.  To the extent that any of the paragraphs in Count XII are deemed to be alleged against these Defendants, they reserved the right to answer these paragraphs.

147.    Defendant Lochridge, Garcia, Kretch, McGuire and Ramirez, acting under color of law and within the scope of their employment, entered into an agreement amongst themselves to deprive E.L. of his constitutional rights to be free form false arrest and to be free form violations of his right to substantive due process.

148.    Beginning on October 30,2 103, after the minor A.L. gave a statement regarding her non-criminal encounter with E.L., through and including today's date, the above named Defendants expressly or impliedly formed an agreement to fabricate, conceal or destroy material evidence and withhold knowledge about the true nature of the interactions between E.L. and A.L.

149.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

150.    Defendant Lochridge, Garcia, Kretch, McGuire and Ramirez's actions were undertaken with malice, willfulness, and reckless indifference to the rights of others.

151.    As a direct and proximate result of this misconduct, E.L. suffered emotional

31

injuries, lost liberty and attorney's fees.

## COUNT XIII
### State Claim – Malicious Prosecution
### Against Defendant McGuire and Defendant Ramirez

152.    Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:**    Defendants reassert their answers to all of the allegations in the preceding paragraphs.  Defendants do not answer Count XIII as Count XIII is a cause of action against Co-Defendant, McGuire and Ramirez only.  To the extent that any of the paragraphs in Count XIII are deemed to be alleged against these Defendants, they reserved the right to answer these paragraphs.

153.    Defendants McGuire and Defendant Ramirez maliciously caused two charges of aggravated criminal sexual assault to be commenced and continued against Plaintiff by creating false and incomplete police reports, swearing to false criminal charges, and conspiring to falsify A.L.'s statement, coercing A.L.'s statement, manipulating A.L. and improperly suggesting criminal acts to A.L.

154.    Plaintiff did not commit the offense of aggravated criminal sexual assault.

155.    The criminal charge of aggravated criminal sexual assault was terminated in Plaintiff's favor.

156.    Plaintiff was injured including emotional damages and legal fees.

157.    Defendant McGuire and Defendant Ramirez's conduct was willful and wanton.

## COUNT XIV
### State Claim – Conspiracy to Commit Malicious Prosecution
### Against Defendant McGuire and Defendant Ramirez

158.    Plaintiff re-alleges and incorporates all of the paragraphs of this Complaint as if

reinstated herein.

**ANSWER:**    Defendants reassert their answers to all of the allegations in the preceding paragraphs.  Defendants do not answer Count XIV as Count XIV is a cause of action against Co-Defendant, McGuire and Ramirez only.  To the extent that any of the paragraphs in Count XIV are deemed to be alleged against these Defendants, they reserved the right to answer these paragraphs.

159.    Beginning on October 30, 2013, and continuing to the present, Defendants Ramirez and McGuire, among themselves, expressly or impliedly formed an agreement to suppress evidence by creating false and incomplete police reports, swearing to false criminal charges, and falsely testifying in court against Plaintiff in order to cover-up the Defendant Officers illegal arrest of Plaintiff and improperly suggestive techniques used by Defendant Ramirez in interviewing A.L.

160.    In furtherance of the conspiracy, Defendants agreed to fabricate and conceal material evidence, testify falsely, and harass and intimidate Plaintiff by arresting him without probable cause, suppressing exculpatory evidence and continuing to pursue false criminal charges against Plaintiff to cover up their own misconduct.

161.    Furthermore, Defendants took the acts set forth supra in furtherance of their agreement to maliciously prosecute Plaintiff.

162.    The conduct described above has been done willfully, wantonly, and intentionally to obstruct justice by attempting to conceal the misconduct of Defendants McGuire and Ramirez.

163.    As a result of this conspiracy to deprive Plaintiff of this rights under Illinois law, Plaintiff was injured, including loss of liberty, legal fees, trauma, mental distress, and severe e motional damages.

33

<u>COUNT XV</u>
**State Claim – Intentional Infliction of Emotional Distress**
**Against Lochridge, Garcia, Kretch, McGuire, Butts and Ramirez**

164.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**<u>ANSWER:</u>**     Defendants reassert their answers to all of the allegations in the preceding paragraphs. Defendants do not answer Count XV as Count XV is a cause of action against Co-Defendant, Lochridge, Garcia, Kretch, McGuire, Butts and Ramirez only.  To the extent that any of the paragraphs in Count XV are deemed to be alleged against these Defendants, they reserved the right to answer these paragraphs.

165.     The acts and conduct of Defendants Lochridge, Garcia, Kretch, McGuire, Butts and Ramirez, as set forth above, were extreme and outrageous.

166.     In particular, the conduct of Defendants Lochridge, Garcia, Kretch, McGuire, Butts and Ramirez in targeting E.L., conspiring to falsify serious, violent sexually-based allegations against a  minor, manipulating the statements of a five year old, falsely arresting and prosecuting an innocent teenager based on falsified evidence, and failing to properly train and supervise, in extreme and outrageous and caused plaintiff to suffer severe emotional distress.

167.     Additionally, the conduct of Defendants Lochridge, Garcia, Kretch, McGuire, Butts and Ramirez in maliciously charging Plaintiff and continuing to appear in court and stand by false reports and a manipulated accusation against him in pursuant of those false charges is extreme and outrageous and has caused Plaintiff severe emotional distress.

168.     Defendants named above intended to cause, or was in reckless disregard of the probability that their conduct would cause severe emotional distress to Plaintiff.

169.     The conduct of the Defendant named above was undertaken with malice,

willfulness, and reckless indifference to the rights of Plaintiff.

**COUNT XVI**
**State Claim – Negligent Training and Supervision**
**Against Defendant All Our Children's Advocacy Center**

170.    Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:**    Defendants reassert their answers to all of the allegations in the preceding paragraphs.  Defendants do not answer Count XVI as Count XVI is a cause of action against Co-Defendant, All Our Children's Advocacy Center only.  To the extent that any of the paragraphs in Count XVI are deemed to be alleged against these Defendants, they reserved the right to answer these paragraphs.

171.    At all times relevant to the issues raised in the complaint, the Defendant, All Our Children['s Advocacy Center, owed a duty of reasonable care in regard to the training and supervision of tis employees and forensic interviewers.

172.    On and before the date of the arrest of Plaintiff, and continuing through the date that the criminal charges against Plaintiff were dismissed, Defendant, All Our Children's Advocacy Center, breached its duty, as aforesaid, in that it failed to properly train and supervise Defendant Ramirez in the following manners:

> Proper interview techniques
> Separation of alleged victim interview and law enforcement
> Duty to avoid suggestive interview technique
> Proper interview technique for very small children
> Proper use of non-Leading questions
> Proper licensing, credentials and training to conduct investigation into alleged child sexual abuse
> Requirement of all licenses and third party trainings for forensic investigators

173.    Further, All Our Children's Advocacy Center acted willfully and wantonly in

35

failing to properly train in these area, given the risk, detriment and damage to reputation, mental health and liberty of an innocent person accused of a heinous, sexually violent crime.

174.    Additionally, All Our Children's Advocacy Center failed to properly investigate Defendant Ramirez's background before offering her employment.

175.    As a direct and proximate result of one or more or a combination of the aforementioned acts and;/or omissions of the All Our Children's Advocacy Center in training of Defendant Ramirez, Defendant Ramirez acted willfully and wantonly in her malicious prosecution of Plaintiff and in coercing and manipulating and inculpatory statement form the minor A.L.

176.    As a direct and proximate result of the conduct of Defendant Ramirez, which resulted from the negligent training and supervision by the Defendant, City, Plaintiff was maliciously prosecuted.

177.    As a direct and proximate result of the aforementioned, the Plaintiff, suffered the following injuries: legal expenses and emotional distress.

### COUNT XVII
### Indemnity Claim – 734 ILCS 10/9-102
### Against Defendants Village of Stickney, Cook County, Cook County Sheriff, and All Our Children's Advocacy Center

178.    Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:**    Defendants reassert their answers to all of the allegations in the preceding paragraphs.

179.    Defendant Village of Stickney is the employer of Defendants Lochridge, Kretch, McGuire and Garcia.

36

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 179, therefore denies same and demands strict proof thereof.

180.     Defendant All Our Children's Advocacy Center is the employer of Defendant Ramirez and Defendant Butts.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 180, therefore denies same and demands strict proof thereof.

181.     Defendant Lochridge, Kretch, McGuire and Garcia committed the acts alleged above under the color of law and in the scope of their employment as employees of the Village of Stickney.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 181, therefore denies same and demands strict proof thereof.

182.     Defendant Cook County employees Judge Mercado, Lorraine Chatman, Bernard McNutt, Anita Johnson, Mirella Susnjar, Cherri Krzyzowski, Helen Kanel, Deborah Awoyemi Manuel Manalstas and Wanda Estes committed the acts alleged about under the color of law and in the scope of their employment as employees of the Cook County.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 182.

183.     Defendants Ramirez and Butts committed the acts alleged about under the color of law and in the scope of their employment as employees of All Our Children's Advocacy Center.

**ANSWER:**     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 183, therefore denies same and demands strict proof thereof.

184.     In Illinois, public entities are directed to pay for any tort judgment for

compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

**ANSWER:**    Defendants admit the existence of the statute but deny any and all allegations of wrongdoing alleged in Paragraph 184.

184. 185.    As a proximate cause of the individual Defendant's unlawful acts, which occurred within the scope of their respective employment activities, Plaintiff was injured.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 185.

### COUNT XVIII
### *Respondeat Superior* Liability for State Law Claims
### Against Individual Defendants

186.    Plaintiff re-alleges and incorporates all previous paragraphs.

**ANSWER:**    Defendants reassert their answers to all of the allegations in the preceding paragraphs.

187.    Defendants Village of Stickney is the employer of Defendants Lochridge, Kretch, McGuire and Garcia.

**ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 187, therefore denies same and demands strict proof thereof.

188.    Defendant Cook County is the employer of Jude Mercado, Lorraine Chatman, Bernard McNutt, Anita Johnson, Mirella Susnjar, Cherri Krzyzowski, Helen Kanel, Deborah Awoyemi, Manuel Manalstas and Wanda Estes.

**ANSWER:**    Defendants Chatman, Krzyzowski, Kanel, Awoyemi, Manalstas and Estes admit that they are employed by Cook County Health and Hospital Services. Defendant Johnson denies that she is currently employed by Cook County Health and Hospital Services. The

38

remaining Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 188, therefore denies same and demands strict proof thereof.

189.    Defendant All Our Children's Advocacy Center is the employer of Defendant Ramirez and Defendant Butts.

**ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 189, therefore denies same and demands strict proof thereof.

190.    Defendant Lochridge, Kretch, McGuire and Garcia committed the acts alleged above under the color of law and in the scope of their employment as employees of the Village of Stickney.

**ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 190, therefore denies same and demands strict proof thereof.

191.    Defendants Judge Mercado, Lorraine Chatman, Bernard McNutt, Anita Johnson, Mirella Susnjar, Cherri Krzyzowski, Helen Kanel, Deborah Awoyemi, Manuel Manalstas and Wanda Estes committed the acts alleged about under the color of law and in the scope of their employment as employees of Cook County.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 191.

192.    Defendants Ramirez and Butts committed the acts alleged about under the color of law and in the scope of their employment as employees of All Our Children's Advocacy Center.

**ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 192, therefore denies same and demands strict proof thereof.

193.    Defendant Village of Stickney is liable for its employees' actions committed

while in the scope of their employment as duly appointed police officers under the doctrine *respondeat superior*.

    **ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 193, therefore denies same and demands strict proof thereof.

    194.    Defendant Cook County is liable for its employees' actions committed while in the scope of their employment as duly appointed police officers under the doctrine *respondeat superior*.

    **ANSWER:**    Defendants admit the existence of the doctrine of respondeat superior but deny the allegations contained in Paragraph 195.

    195.    Defendant Cook County is liable for its employees' actions committed while in the scope of their employment and duly appointed police officers under the doctrine *respondeat superior*.

    **ANSWER:**    Defendants admit the existence of the doctrine of respondeat superior but deny the allegations contained in Paragraph 195.

    196.    All Our Children's Advocacy Center is liable for its employees' actions committed while in the scope of their employment as duly appointed police officers under the doctrine *respondeat superior*.

    **ANSWER:**    Defendants make no answer Paragraph 196 as it is not directed toward them.

    197.    The acts of the respective individual Defendants described in the state law claims specified above were willful and wanton and committed in the scope of employment as employees of the Defendant Village of Stickney, Defendant Cook County and Defendant All Our Children's Advocacy Center.

40

**ANSWER:**   Defendants deny the allegations contained in Paragraph 197.

198.   As a proximate cause of the respective individual Defendants' unlawful acts,

which occurred within the scope of their employment activities, Plaintiff was injured.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 198.


## AFFIRMATIVE DEFENSES

NOW COME Defendants, Cook County Sheriff, Lorraine Chatman, Anita Johnson,

Cherri Kryszowski, Helen Kanel, Deborah Awoyemi, Manuel Manalstas, Wanda Estes, and

Cook County ("Defendants") by their attorney, Anita Alvarez, State's Attorney of Cook County,

through her  Assistant State's Attorney, Allyson L. West, and hereby set forth the following

Affirmative Defenses:

1.   A supervisory official cannot be held liable for the conduct of subordinates based on a theory of respondeat superior.  Perkins v Lawson, 312 F.3d 872, 875 (7th Cir. 2002).
2.   To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under Section 1983.  See City of Newport v. Fact Concerts, 453 U.S. 247 (1981).

3.   Plaintiff fails to identify any unlawful custom, policy or practice of Defendants. Accordingly, Defendants cannot be found liable in his official capacity.  Monell v. Dept. of Social Services, 436 U.S. 658, 690 (1977).

4.   Defendants' conduct was at all times objectively reasonable and did not violate and of Plaintiff's clearly established Constitutional Rights.  Accordingly, Defendants are entitled to the defense of qualified immunity.

5.   At all times relevant in Plaintiff's Complaint, Defendant Cook County, was a local public entity as defined by Local Governmental and Governmental Employee's Tort Immunity Act, hereinafter the Tort Immunity Act, 745 ILCS 10/1-101 et. seq., (1995 as amended) and is protected by the immunities and defenses provided for therein.


6.   Defendants reserve the right to name affirmative defenses as they become known through further discovery or otherwise in this action.

## JURY DEMAND

Defendants respectfully request a trial by jury.

WHEREFORE, based on the foregoing, Defendants deny that Plaintiff is entitled to any relief, including but not limited to damages, costs, or attorneys' fees. Defendants pray that this Honorable Court grant judgment in their favor and against Plaintiff on all aspects of his Second Amended Complaint and further request that this Honorable Court grant judgment of Defendants' fees, costs and such other relief that this Court deems just and appropriate.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:     /s/ Allyson L. West
        Allyson L. West
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, IL 60602
        (312) 603-6299