IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA ALICEA as Next Friend of E.L., a minor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No: 15-cv-7795 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| VILLAGE OF STICKNEY, OFFICER ) | |
| LOCHRIDGE, OFFICER PEDRO GARCIA, ) | |
| OFFICER KRETCH, OFFICER KEVIN ) | |
| MCGUIRE, MARIA RAMIREZ, DANIELLE ) | |
| BUTTS, ALL OUR CHILDREN'S ADVOCACY ) | |
| CENTER, COOK COUNTYSHERIFF, JUDE ) | |
| MERCADO, LORRAINE CHATMAN, ) | |
| BERNARD MCNUTT, ANITA JOHNSON, ) | |
| MIRELLA SUSNJAR, CHERRI KRZYZOWSKI, ) | |
| HELEN KANEL, DEBORAH AWOYEMI, ) | |
| MANUEL MANALSTAS, WANDA ESTES, and ) | |
| COOK COUNTY, ) | |
| ) | |
| Defendants. ) | **JURY DEMANDED** |

**[AGREED] MOTION TO APPROVE SETTLEMENT WITH COOK COUNTY
DEFENDANTS AND DISTRIBUTION**

NOW COMES the Plaintiff, by and through his attorneys, Mary J. Grieb and the Shiller Preyar Law Offices, and moves that this Court approve the settlement entered into by the parties in this matter and the distribution of the proceeds, and in support of this motion state:

1. This is a civil rights action, in which the plaintiff is E.L., a minor, by his mother and Next Friend, Sandra Alicea.

2. This action arises from E.L.'s arrest and prosecution for the alleged sexual assault of a 5-year-old child. The alleged assault was investigated by four police officers from the Village of Stickney. The 5-year-old child was interviewed twice by Maria Ramirez, a forensic interviewer at All Our Children's Advocacy Center, supervised by Danielle Butts. Plaintiff alleges that certain defendants conspired to manipulate and twist the statements of the five-

year-old child and that E.L. was falsely arrested and maliciously prosecuted. E.L. denied any improper or illegal conduct. The Cook County State's Attorney's Office subsequently *nolle*'d the aggravated criminal sexual assault charge on October 21, 2014, after a Cook County judge determined that the five-year-old child's statement to Ramirez was not admissible. Plaintiff brings state and federal claims for false arrest, substantive due process, equal protection, *Monell*, unlawful conditions of confinement, conspiracy, malicious prosecution, IIED, and negligent training and supervision, and claims for indemnification, and *respondeat superior*. Certain claims are directed against each of the various Defendants: Village of Stickney and its individual police officers Colin Lochridge, Pedro Garcia, Kretch and Kevin McGuire; All Our Children's Advocacy Center, Maria Ramirez, Danielle Butts; and Cook County, the Cook County Sheriff, and Cermak employees Jude Mercado, Lorraine Chatman, Bernard McNutt, Anita Johnson, Mirella Susnjar, Cherri Krzyzowski, Helen Kanel, Deborah Awoyemi, Manuel Manalstas and Wanda Estes. Defendants deny Plaintiff's allegations. Defendants deny each and every allegation of wrongdoing as stated in Plaintiffs' complaint, and, further, deny any liability or damages to the Plaintiffs.

3. After E.L. was charged criminally, he spent 5 days in Cook County Jail even though he was only 15 years old. Those claims against Cook County Defendants, specifically Counts V, VI, VII, XI, XVII, and XVIII, are the subject of the settlement agreement for which Plaintiff seeks this Court's approval.

4. The claims against the remaining Defendants (Village of Stickney and its individual police officers Colin Lochridge, Pedro Garcia, Kretch and Kevin McGuire; All Our Children's Advocacy Center, Maria Ramirez, Danielle Butts) are still pending.

5. After conducting extensive research, abstracting E.L.'s patient records information from Cermak Hospital, drafting a complex complaint and reviewing Defendants' answer, the Cook County Defendants and Plaintiff began negotiations to determine whether the case could be settled without the necessity of further litigation and trial.

6. Pursuant to the retainer agreement signed by the plaintiff, plaintiff's counsel is entitled to be paid on a contingency basis, 40% of the total of any recovery plus costs.

7. As part of the settlement negotiations, plaintiff's counsel computed their costs and attorneys' fees that had been expended on the case thus far. The attorneys' fees came to approximately $39,400 and the costs were $1,350.73

8. Plaintiff's counsel advised the Cook County Defendants' counsel of these amounts which were used in the process of attempting to settle the case.

9. The parties were able to reach an agreement on a settlement, which is agreeable to Plaintiff and her attorneys and the Cook County Defendants, and their attorneys. Pursuant to this settlement agreement, Plaintiffs would voluntarily dismiss with prejudice all claims against the Cook County Defendants. The Defendant Cook County would pay a global settlement of $50,000 to Plaintiff and attorneys, inclusive of attorney's fees, costs and consideration for the dismissal of the claims against the Cook County Defendants. The settlement agreement amount includes compensatory damages, attorney's fees, and costs, as itemized below:
    a. Sandra Alicea, on behalf of E.L.: $28,649.27
    b. Shiller Preyar Law Offices: $21,350.73
        i. Section 1988 Attorneys' fees: $20,000.00
        ii. Costs: $1350.73

10. Plaintiff has alleged that E.L. suffered severe emotional distress while he was detained in Cook County Jail as a juvenile. The Cook County Defendants deny Plaintiff's allegations and

the settlement agreement is not construed as an admission by the Cook County Defendants of the truth of any allegation or the validity of any claim asserted in the lawsuit.

11. The settlement also takes into an account a concession by the attorneys for Plaintiff to accept a reduced amount in attorneys' fees than that which may have been awarded in the event of a judgment and attorneys' fees petition in this matter.

12. In accordance with the Illinois Probate Act, Plaintiff Sandra Alicea agrees to act as guardian and next friend to represent and protect the interests of her minor son E.L. in executing the settlement agreement and release of that minor's settled claims and this lawsuit pursuant to the parties' Release and Settlement Agreement.

13. Plaintiffs request that this Honorable Court enter an order that the settlement check be made payable to Shiller Preyar Law Offices and further order that the Shiller Preyar Law Offices shall distribute the settlement proceeds in accordance with Paragraph 9 above and a Power of Attorney executed by the Plaintiff, a copy of which is attached hereto as Exhibit 1. The parties have agreed that the settlement proceeds will not be released until (a) the execution of this Release of All Claims; (b) the entry of any and all voluntary dismissal orders, with prejudice and without costs of the Cook County Defendants, Cook County Sheriff, Jude Mercado, Lorraine Chatman, Bernard McNutt, Anita Johnson, Mirella Susnjar, Cherri Kryszowski, Helen Kanel, Deborah Awoyemi, Manuel Manalstas, Wanda Estes, and Cook County; (c) the entry of any and all dismissal orders, with prejudice and without costs, of the of the Cook County Defendants, Cook County Sheriff, Jude Mercado, Lorraine Chatman, Bernard McNutt, Anita Johnson, Mirella Susnjar, Cherri Kryszowski, Helen Kanel, Deborah Awoyemi, Manuel Manalstas, Wanda Estes, and Cook County; and (d) the entry of any and

all orders of the Northern District of Illinois and/or Probate Court, and/or pursuant to the Probate Act, approving the settlement and/or distributions to E.L.

14. Plaintiff, by her attorneys, the Shiller Preyar Law Offices, represent and warrant that the proceeds of the settlement shall be distributed to the minor, E.L., and the Shiller Preyar Law Offices as provided by law, pursuant to 755 ILCS 5/1-1, et seq., the Power of Attorney, the order of distribution, and/or any other applicable provisions.

15. A proposed Agreed Order of dismissal and a proposed Order Approving Settlement and Distribution will be emailed to this Court contemporaneously with filing this motion.

16. The Cook County Defendants are in agreement with this motion and have reviewed the proposed Agreed Order of Dismissal and proposed Order Approving Settlement.

WHEREFORE, Plaintiff moves that this Court approve the settlement and distribution of the proceeds as set forth above, and: enter the Order of Dismissal; enter the Proposed Order Approving Settlement and Distribution; dismiss the claims against the Cook County Defendants (specifically Counts V, VI, VII, XI, XVII, and XVIII); and any other and further relief that this Court deems equitable and just.

Respectfully Submitted,

SANDRA ALICEA, AS NEXT FRIEND OF E.L.

By One of HER Attorneys:

s/Mary J. Grieb

Mary J. Grieb
Shiller Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312)226-4590

**CERTIFICATE OF SERVICE**

Mary J. Grieb hereby certifies that a copy of the foregoing was served upon all opposing counsel via the CM/ECF email system.

s/ Mary J. Grieb

Mary J. Grieb
Shiller Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590