I:\52119\Def's Response to Supp Filing of Attys Fees.wpd\MJG\RAD\sdp

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA ALICEA as Next Friend of E.L., a minor, ) ) ) Plaintiff, ) v. ) ) VILLAGE OF STICKNEY, OFFICER ) LOCHRIDGE, OFFICER PEDRO ) GARCIA, OFFICER KRETCH, OFFICER ) KEVIN MCGUIRE, MARIA RAMIREZ, ) DANIELLE BUTTS, ALL OUR ) CHILDREN'S ADVOCACY CENTER, ) COOK COUNTY SHERIFF, JUDGE ) MERCADO, LORRAINE CHATMAN, ) BERNARD MCNUTT, ANITA ) JOHNSON, MIRELLA SUSNJAR, ) CHERRI KRZYZOWSKI, HELEN KANEL,) DEBORAH AWOYEMI, MANUEL ) MANALSTAS, WANDA ESTES, and ) COOK COUNTY, ) ) Defendants. ) | Case No.: 15-cv-07795  Judge Sara L. Ellis |

**DEFENDANT, ALL OUR CHILDREN'S ADVOCACY CENTER RESPONSE TO PLAINTIFF'S SUPPLEMENTAL FILING OF ATTORNEY'S FEES**

NOW COMES Defendant, ALL OUR CHILDREN'S ADVOCACY CENTER, ("AOCAC") by and through its attorneys, MARY JO GREENE, RYAN A. DANAHEY and DOHERTY & PROGAR LLC, and for its Response to Plaintiff's Supplemental Filing relating to Attorney's Fees states as follows:

1. In Plaintiff's July 28, 2017 Supplemental Filing relating to Attorney's Fees, Plaintiff's counsel identified, for the first time, that $70,000.00 in alleged fees related to the case are illusory in nature and not actually owed by Plaintiff to her counsel.

2. Plaintiff's counsel previously provided a Fee Agreement that states, in no uncertain language, that Plaintiff must pay the entire amount of attorney's fees owed irrespective of any finding of any fee petition. (*See* Section 2.3 of Plaintiff's Fee Agreement, previously provided to this Court.)

3. In Plaintiff's Fee Petition, Plaintiff's counsel makes reference to seeking and receiving payment of such fees from their prior clients pursuant to that Fee Agreement.

4. Plaintiff's counsel has offered no explanation why Plaintiff no longer owes the $70,000.00 in "comped" attorney's fees, how this amount was decided upon nor which fees have been comped.

5. This "comp" disclosure throws a veritable monkey wrench into the Court's ability to determine appropriate attorney's fees and costs and calls into question the reliability of Plaintiff's Fee Petition in the first instance.

6. This information indicates another direct demonstration and continuation of the manipulation of the fee related portion of the case. This was previously demonstrated by counsel's refusal to agree to settlement negotiations throughout the case, including unsolicited offers, and a pre-trial conference which culminated in a finding by Magistrate Judge Rowland that Plaintiff's counsel was not acting in good faith on this issue.

7. This behavior was further demonstrated when Plaintiff's counsel was ordered by this Court to sit down with AOCAC's counsel to attempt to resolve the attorney's fees issue and Plaintiff's counsel essentially stated that they would meet with AOCAC's counsel but would not take one penny less than their previously stated position (which just happens to be the $79,000 in fees they claim they are owed).

8. This side arrangement ("comp") completely contradicts Plaintiff's counsel's sworn statements made throughout this case with respect to what fees were/are owed.

9. Essentially, Plaintiff's counsel is seeking $70,000.00 in fees from AOCAC even though Plaintiff's counsel has agreed to "comp" these very fees from their client.

10. The definition of waiver is the intentional relinquishment or abandonment of a known right. *Bayo v. Napolitano*, 593 F.3d 495 (7th Cir. 2010).

11. Plaintiff and her counsel have irrevocably relinquished and abandoned the right to recover the fees that have been "comped" and have therefore forever waived any right to seek recovery of these fees from any source.

12. Plaintiff's counsel has cited no authority that an attorney may seek fees pursuant to a fee petition where those fees have been "comped" or otherwise waived between counsel and their client.

13. It would be entirely inequitable for Plaintiff's counsel to seek or receive fees that have been "comped" and which no longer are the responsibility of their client, or anyone, for that matter.

14. As a result, the detailed objections made by AOCAC with respect to Plaintiff's fees may now concern fees that have already been comped; all of the work that went into AOCAC's Response to Plaintiff's Fee Petition appears to have addressed a large portion of fees Plaintiff's counsel has agreed to waive entirely.

15. In the alternative, in an effort to avoid all counsel and this Court completely re-calculating which fees may be owed in light of this "comp," AOCAC suggests the following: that this Court award Plaintiff's counsel fifty-three (53) percent of the total fees which would have been awarded strictly pursuant to the Fee Petition, or $11,262.78, plus the $1,437.92 in costs

Defendant's counsel previously suggested. That is, Plaintiff's counsel, via this "comp" has stated that their actual fees are only 53 percent of those sought in the fee petition. ($79,000.00 = 53 percent of $149,000.00) $11,262.78 represents 53 percent of the award suggested by AOCAC in its defense. An award in this amount would allow the Court to consider the arguments made within the petition and relevant defenses without having to scrap the entire Petition and defenses as well as avoid requiring Plaintiff to determine exactly which fees were "comped" and for AOCAC to completely re-write their defenses.

16. In any case, Plaintiff is barred from recovering more than $79,000 in fees, given all additional fees have been waived, or "comped."

WHEREFORE, ALL OUR CHILDREN'S ADVOCACY CENTER respectfully requests this Court award $11,262.78 in fees plus $1,437.92 in costs and any further relief this Court deems just and equitable.

Respectfully submitted,

ALL OUR CHILDREN'S ADVOCACY

By: */s/ Mary Jo Greene*
Mary Jo Greene
One of their Attorneys

Mary Jo Greene (ARDC No.: 6185594)
Ryan A. Danahey (ARDC No.: 6281715)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630
(312) 630-9001 (fax)
*mjg@doherty-progar.com*
*rad@doherty-progar.com*